# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUPTA, BHAGWAN, D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OKLAHOMA CITY PUBLIC )<br>SCHOOLS, )<br>)<br>Defendant. ) | Case No. CIV-18-317-G |

## ORDER

Now before the Court is Defendant's Partial Motion to Dismiss (Doc. No. 7), in which Defendant asserts that certain claims asserted in Plaintiff's pro se Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff has responded in opposition (Doc. No. 9), and Defendant has replied (Doc. No. 10). Based on the case record, the parties' arguments, and the governing law, Defendant's Motion is granted.

### SUMMARY OF THE PLEADINGS

Plaintiff Bhagwan Gupta ("Mr. Gupta") was employed by Defendant Oklahoma City Public Schools (the "District")[1] as a substitute teacher for the 2015-16 school year. The District terminated his employment on October 8, 2015. Compl. (Doc. No. 1) at 2. Mr. Gupta subsequently applied and was selected for a substitute teaching position with the District for the 2016-17 school year. *Id.* at 5. After attending training and working one

---

[1] Oklahoma City Public Schools is also known as Independent School District No. 89 of Oklahoma County, Oklahoma. *See* Def.'s Mot. at 1; Okla. Stat. Ann. tit. 70 § 5-105.

day, Mr. Gupta was informed that he would not be permitted to substitute teach as a result of his alleged conduct during the 2015-16 school year. *Id.* at 5-6; Compl. Ex. 6 (Doc. No. 1-6).

Mr. Gupta filed this action on April 9, 2018. Liberally construing the Complaint, Mr. Gupta attempts to assert the following claims against the District: (1) violation of the Americans With Disabilities Act ("ADA"); (2) violation of the Age Discrimination in Employment Act ("ADEA"); (3) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) retaliation in violation of Title VII; and (5) violation of his constitutional rights to due process and equal protection.

## ANALYSIS

The District seeks dismissal of Mr. Gupta's constitutional claims, as well as his claims for discrimination under the ADA, ADEA, and Title VII.[2] *See* Def.'s Mot. at 4.

A. *Rule 12(b)(6) Standard*

Federal Rule of Civil Procedure 8(a)(2) requires that "a pleading . . . contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). While "detailed factual allegations" are not required, a complaint must set forth enough facts that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[2] The District does not seek dismissal of Mr. Gupta's retaliation claim. Def.'s Mot. at 4.

*Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

While pro se filings are liberally construed, pro se status does not relieve a litigant "of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This is "because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Id.*

B. *Constitutional Claims*

Mr. Gupta's constitutional claims are necessarily asserted under 42 U.S.C. § 1983,[3] which serves as the "remedial vehicle for raising claims based on the violation of constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  To state a § 1983 claim, a plaintiff must allege that he has been deprived of a federal right by a person acting under the color of state law.  42 U.S.C. § 1983.

A school district is subject to § 1983 liability under the rubric established in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  *See, e.g., Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1249 (10th Cir. 1999).  Under *Monell*, a government entity is not liable under § 1983 for injury "inflicted solely by its employees

---

[3] While Mr. Gupta states that he "is not asserting his claims under [§] 1983," Pl.'s Resp. at 3, he has no path to assert such claims other than through that statute.

3

or agents." *Monell*, 436 U.S. at 694. Rather, the plaintiff must show that the complained-of actions: (1) were "taken by an official with final policy making authority"; or (2) are "representative of an official policy or custom of the municipal institution." *Murrell*, 186 F.3d at 1249; *see Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-70 (10th Cir. 2013) ("A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."). At the pleading stage, the plaintiff must allege sufficient facts to plausibly support these elements.

1. <u>Whether Mr. Gupta Has Alleged Conduct by an Official with Final Policy-Making Authority</u>

In Oklahoma, a school district's board of education is the final policy-maker with respect to the hiring and firing of teachers. *See* Okla. Stat. tit. 70, § 5-117(14); *see also Houston v. Indep. Sch. Dist. No. 89 of Okla. Cty.*, 949 F. Supp. 2d 1104, 1111–12 (W.D. Okla. 2013). Mr. Gupta does not allege any relevant conduct by any relevant board of education. Therefore, his claim is not predicated on conduct "taken by an official with final policy making authority." *Murrell*, 186 F.3d at 1249.

2. <u>Whether Mr. Gupta Has Alleged Conduct Representative of an Official Policy or Custom</u>

Nor does Mr. Gupta allege that the complained-of conduct is "representative of an official policy or custom" of the District. *Id.* Mr. Gupta instead asserts that the District violated its own internal policies "relating to student discrimination complaints" and the "written grievance procedure [applicable] to substitute teacher behavior." Compl. Ex. 1

4

(Doc. No. 1-1) at 15-16; Resp. at 4. The District's alleged violation of its own policies are not actionable under § 1983, however, because the statute "governs only alleged violations of 'federally-conferred rights.'" *Koch v. Carlisle*, No. CIV-15-811-HE, 2017 WL 7175960, at *4 (W.D. Okla. Dec. 4, 2017) (R. & R.) (citing *Jones v. Norton*, 809 F.3d 564, 577 (10th Cir. 2015), *adopted*, 2018 WL 632033 (W.D. Okla. Jan. 30, 2018). Mr. Gupta does not, as he must, allege the existence of "an official policy or custom" leading to or condoning the complained-of conduct.

Accordingly, Mr. Gupta fails to state a claim for § 1983 municipal liability under the *Monell* framework.

C. *Discrimination Claims*

Mr. Gupta asserts claims for discrimination under the ADA, ADEA, and Title VII. To prevail on these claims, Mr. Gupta must demonstrate, among other things, that the District terminated his employment "because of" his disability, age, and race/religion/national origin, respectively. *See* 29 U.S.C. § 623(a)(1) (making it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age"); 42 U.S.C. § 12112(a)-(b)(1) (prohibiting discrimination "because of [an employee's] disability"); 42 U.S.C. § 2000e-2 (making it unlawful "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin").

Mr. Gupta alleges that he "was terminated under suspicious circumstances[,] which give rise to an inference of [d]iscrimination"—specifically:

- the District did not verify the "authenticity, credibility[,] and reliability" of student complaints against Mr. Gupta;

5

- the District did not investigate the student complaints in accordance with its own procedures;

- the student complaints against Mr. Gupta "were implausible for a classroom setting";

- Mr. Gupta "was not informed . . . of what the student complaints were";

- Mr. Gupta was "not . . . adequately notified of [the] proceedings against him";

- Mr. Gupta was "not . . . given the opportunity to be effectively heard";

- termination proceedings were not "conducted and decided by an impartial tribunal";

- the District ignored Mr. Gupta's "requests to conduct [a] thorough inquiry";

- the District gave "preferential partial treatment . . . to students of a particular race and age"; and

- the District "provid[ed] inconsistent [and] shifting explanations" for terminating Mr. Gupta.

Compl. Ex. 1 at 13-14.

While these circumstances could indicate that the termination of Mr. Gupta was unjust, they do not plausibly show that it was discriminatory. That is, none of the allegations permit a reasonable inference that Mr. Gupta was terminated *because of* his disability, age, race, religion, or national origin. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) ("Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." (citing *Iqbal*, 556 U.S. at 678)). To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he or she "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job

6

held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability." *Dwitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017) (internal quotation marks omitted). Though Mr. Gupta alleges that he suffers from a hearing disability, he presents not facts permitting a reasonable inference that he was terminated *because of* his disability. *See Blough v. Rural Elec. Coop, Inc.*, 689 F. App'x 583, 587-88 (10th Cir. 2017). Plaintiff's conclusory remark that the circumstances giving rise to his dismissal were "suspicious" is insufficient to make his ADA claim plausible on its face.

Similarly, to set forth a prima facie case of discrimination under Title VII, a plaintiff must establish that "(1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). If the defendant then produces a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff must show that "the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext." *Id.* Courts apply the same framework to ADEA discrimination claims. *See, e.g., Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010); *Ballas v. Chickasaw Nation Indus., Inc.*, No. CIV-13-1094-D, 2014 WL 4957262, at *3 (W.D. Okla. Oct. 2, 2014); *Lupton v. Am. Fid. Assurance Co.*, 22 F. Supp. 3d 1190, 1193 (W.D. Okla. 2014); *see also Khalik*, 671 F.3d at 1192 ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the

7

elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

The Complaint provides "nothing other than sheer speculation to link the . . . termination to a discriminatory . . . motive." *Khalik*, 671 F.3d at 1192. Mr. Gupta does not allege, for instance, "that any member of the District made any discriminatory comments" about him or "engaged in any overt discriminatory conduct" toward him. *Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 130–31 (W.D.N.Y. 2010) (dismissing ADA claim because "there [were] no circumstances alleged in [Plaintiff's] Complaint that [could] fairly be characterized as giving rise to an inference of . . . discrimination"). Nor does he allege that the District gave preferential treatment to any similarly situated teacher who was younger, able-bodied, and/or a member of a different race, religion, or national origin.[4] *See Macon v. J.C. Penney Co.*, 17 F. Supp. 3d 695, 698 (N.D. Ohio 2014), *aff'd* (Dec. 29, 2014) (dismissing Title VII claim because, "[w]hile [Plaintiff] allege[d] she was treated differently from other terminated . . . employees, she offer[ed] no factual allegations to support the discriminatory inference she dr[ew] from this different treatment").

---

[4] Mr. Gupta alleges that the District gave preferential treatment "to *students* of a particular race and age." Compl. Ex. 1 at 14 (emphasis added). But he does not plead any facts to support a finding of a similar race and/or age preference for *employees*. *See English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1011 (10th Cir. 2001) ("dissimilar treatment between similarly situated protected and non-protected employees may give rise to an inference of discrimination").

Without more, Mr. Gupta's suspicions regarding the motive for his termination amount to a mere "gut feeling," which "is not sufficient to create an inference of discrimination." *Jackson v. City of New York*, 29 F. Supp. 3d 161, 172 (E.D.N.Y. 2014).

D. *Punitive Damages*

The District additionally seeks dismissal of Mr. Gupta's "claims" for punitive damages. Def.'s Mot. at 13-15. Punitive damages are not recoverable against "a government, government agency or political subdivision" for violation of Title VII. *See* 42 U.S.C. § 1981a(b)(1), (d)(1)(A) (excepting government entities from the general punitive damages provision). Therefore, insofar as Mr. Gupta seeks punitive damages in relation to his sole remaining claim—retaliation in violation of Title VII—such recovery is precluded under 42 U.S.C. § 1981a(b)(1). *See Tugmon v. Indep. Sch. Dist. No. 32 of Mayes Cty., Okla.*, No. 13-CV-11-JED-FHM, 2015 WL 1482524, at *5 (N.D. Okla. Mar. 31, 2015); *Linda Kerr v. Farmington Mun. Sch. Dist.*, No. CIV 00-0502 JC/WWD, 2001 WL 37125172, at *6 (D.N.M. Mar. 29, 2001) (citing 42 U.S.C. § 1981a(b)(1) and finding that "[s]ince the School Board is a government entity, Plaintiff is not entitled to punitive damages under Title VII"); *see also Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1307 (10th Cir. 2003) (affirming district court's dismissal of claims for punitive damages against school district).

CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 or for discrimination under the ADA, ADEA, or Title VII, and is precluded from seeking punitive damages on his remaining claim for

9

retaliation in violation of Title VII. Accordingly, Defendant's Partial Motion to Dismiss (Doc. No. 7) is GRANTED. Dismissal is ordered without prejudice to refiling.

IT IS SO ORDERED this 22nd day of February, 2019.

CHARLES B. GOODWIN
United States District Judge