CIV 18 317 G

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT DEFENSE AND BRIEF IN SUPPORT

FILED
APR 17 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

### Retaliation Claim

Plaintiff Bhagwan Gupta (Plaintiff) moves for dismissal of Defendants Position in Joint Status Report for failure to state a defense.

As described by Defendant, Plaintiff was terminated on account of multiple accusations.

(doc 22, Pg-4, para 7)

Multiple accusations in claim response to OESC dated 11/4/2015 relate to October 15 -16 /2015 after Plaintiff was terminated on 10/8/2015. (doc 1-3, pg-1, para 1, ln 1-6)

After Plaintiff has established his Prima Facie Case, Defendant is required to articulate legitimate nondiscriminatory reasons for its adverse employment action.

(Burdine, 450 U.S. at 254-55)

Placing this burden of production on Defendant serves to frame the factual issue with sufficient clarity so that plaintiff will have a full and fair opportunity to demonstrate pretext. To accomplish this, Employer must raise a Genuine issue of material fact by means of admissible evidence, legally sufficient to justify judgement for Defendant.

1

(Burdine, 450 U.S. 254-256)

Here the reasons indicated for adverse employment action are too vague and too general for Plaintiff to specifically respond to the alleged accusations.

(Doc 22, pg-4, para 5)

Defendant's alleged accusations are not genuine issue of material fact as accusations are still unsubstantiated and uninvestigated. The accusations therefore can not be treated as facts.

Defendant's alleged multiple accusations are not even legitimate nondiscriminatory reasons as accusations are racial discrimination complaints of students.

The accusations are therefore discriminatory in nature.

Defendants alleged accusations are not even admissible evidence legally sufficient to justify judgement for defendant.

Defendant has thus failed to articulate legitimate nondiscriminatory reasons for its adverse employment action.

Defendant Certified Mail letter dated 3/28/2016 (written 172 days after Plaintiff's illegal discriminatory termination) was

2

never received by Plaintiff.

The letter dated 3/28/2016 also does not satisfy the requirement of being a genuine issue of material fact by means of admissible evidence legally sufficient to justify judgement for defendant.

However, Plaintiff had never received the above said letter. Plaintiff had also never denied to postal authorities to receive any letter of defendant.

(doc 22, Pg-4, para 7)

Plaintiff had made all possible efforts to meet with defendant

Plaintiff had filed charges of Discrimination on 178th day out of 180 days available to him for filing charges of discrimination at OCRE. Plaintiff could have waited no longer.

(doc 22, pg-5, para 1, ln 1-3)

It is strange of Defendant to state that Plaintiff was never Selected.

Plaintiff had applied for substitute job for 2016-17 School year.

Plaintiff name was selected for 2016-17 school year.

Plaintiff attended first batch of Certified Substitute Training on 6/28/2016 held at NW Classen High School conducted by three OKCPS District officials led by Ms. Shannon Freeman, Director

3

Recruitment,

Plaintiff then attended Blood Borne Pathogen training on 7/28/2016 in the Central Administration Building Auditorium. Then Plaintiff attended On Boarding session and Picture ID session on 7/29/1016 in the Central Administration Building. Plaintiff name was cleared on 8/1/2016for online AESOP system for picking available jobs.

Plaintiff picked up job on AESOP system on 8/1/2016 evening for a class at SE High School.

Plaintiff went to SE High School, Met Secretary Ms. Shirley. Plaintiff worked there all day.

All above activities regarding Plaintiff selection, Training, Picking up job on 8/1/2016 and working on 8/2/2016 at SE High School are expected to be well recorded and must be available in Defendant Records.

Defendant states "On April 4, 2016, JUST DAYS AFTER Defendant sent letter clarifying the reasons for his termination, Plaintiff filed a discrimination complaint with Oklahoma Civil Rights Enforcement Office. (OCRE)"
Plaintiff had a right to be informed of complaints against him even before any statement was taken or before any inquiry was done or before any action was taken.

4

Defendant's letter dated 3/28/2016 and 7/29/2016 are self-contradictory. While letter dated 3/28/2016 guarantees "nothing in this letter would prohibit you from applying as a substitute for the 2016-17 school year",
the second letter dated 7/29/2016 takes
the guarantee away and terminates the Plaintiff for the second time.
(doc 1-6, pg. 1-2) (doc 1-7, pg. 1)

Defendant has totally failed to articulate any legitimate nonretaliatory / nondiscriminatory reasons for its adverse employment actions.
Defendant has also totally failed to raise a genuine issue of material fact by means of admissible evidence legally sufficient to justify judgement for defendant

If the employer does not meet its burden of articulation, the court should decide in favor of the employee. (450 U.S. at 254)

Plaintiff, therefore, requests Honorable Court to dismiss Defendant's defense for failure to articulate any legitimate nondiscriminatory /nonretaliatory reasons and for failure to raise a genuine issue of material fact by means of admissible evidence sufficient to justify judgement for defendant.

5

Plaintiff also requests Honorable Court to award judgement for Plaintiff on the Retaliation Claim.

*[signature]*