**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GUPTA, BHAGWAN, D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | **Case No. CIV-18-317-PRW** |
| | ) | |
| **OKLAHOMA CITY PUBLIC SCHOOLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant, Independent School District No. 89 of Oklahoma County, a/k/a Oklahoma City Public Schools ("District"), objects to Plaintiff's Motions to Amend Complaint and Re-file Previously Dismissed Claims [Doc. Nos. 51-52] and states the following in response.

## BACKGROUND

1.      Plaintiff, Bhagwan Gupta, filed this action on April 9, 2018, alleging violations of Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), due process, and equal protection. [Doc. No. 1, Pro Se Complaint, Pg. 3]. Plaintiff further asserted a retaliation claim. [Doc. No. 1, Pg. 4; Doc. No. 1-1, Pgs. 17-21].

2.      District moved for the dismissal of all claims except for Plaintiff's retaliation claim, and, on February 22, 2019, the court granted District's motion without prejudice to re-filing. [Doc. Nos. 7, 19].

3.     On April 3, 2019, this Court entered a Scheduling Order, which provided a deadline of April 21, 2019 to amend pleadings. [Doc. No. 24].

4.     On April 17, 2019, Plaintiff filed Doc. Nos. 25-28, which purported to dismiss District's defenses and re-file his previously-dismissed claims for discrimination and deprivation of due process. District treated these documents as Amended Complaints, as they requested relief and set forth facts to support allegations, and moved to strike or dismiss the claims. [Doc. No. 30]. In Doc. No. 31, Plaintiff responded and claimed Doc. Nos. 26-28 amended his pleadings. This Court has yet to rule on Doc. No. 30. *See* docket.

5.     On November 4, 2019, Plaintiff filed three more documents: Doc. No. 43 ("Supplemental Pleadings: Deprivation of Due Process Rights and Right to Equal Protection of Laws"); Doc. No. 44 ("Supplemental Pleadings: Discrimination Claim"); and Doc. No. 45 ("Supplemental Pleadings: Retaliation Claim"). District also treated these documents as Amended Complaints and moved to dismiss or strike Doc. Nos. 43-45. [Doc. No. 47]. This Court has yet to rule on District's Motion to Strike or Dismiss Doc. Nos. 43-45. *See* docket.

6.     On November 4, 2019, District filed its Motion for Summary Judgment, to which Plaintiff has responded such that it is fully briefed. [Doc. Nos. 42, 48]. This Court has yet to rule on the Motion for Summary Judgment. *See* docket.

7.     On January 3, 2020, Plaintiff filed a Motion to Amend Complaint. [Doc. No. 51] and Motion for Leave to Re-File Previously Dismissed Claims [Doc. No. 52].

## ARGUMENT AND AUTHORITY

**Proposition I:**          **Plaintiff is out of time to amend his Complaint.**

A party may amend a pleading within 21 days of serving it once as a matter of course. Fed. R. Civ. P. 15 (a)(1). If more than 21 days has passed, as here, the party must receive the opposing party's written consent or seek leave of the court. *Id*. at (2). Pleadings under Fed. R. Civ. P. 7 are limited to a complaint and answer (or answer to counterclaims, crossclaims, or third-party complaints). Fed. R. Civ. P. 7(a). As District did not file counterclaims, the only pleading Plaintiff has filed, and the only pleading Plaintiff may seek to amend, is his Complaint. [Doc. No. 1].

Courts construe *pro se* litigant's pleadings liberally, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, District Courts should not assume the role of advocate for the *pro se* litigant. *Hall* at 1110. That is, there is a limit to the deference courts should show litigants such as Plaintiff. Even *pro se* litigants are required to follow court rules and procedures, and Plaintiff has failed in that regard.

Plaintiff filed his Complaint on April 9, 2018. [Doc. No. 1]. This Court entered a Scheduling Order on April 4, 2019, noting that motions to amend pleadings must be filed within 14 days of the Order. [Doc. No. 24]. Plaintiff purported to amend his pleadings on April 17, 2019 and again on November 4, 2019. [Doc. Nos. 26-28, 43-45]. Then, on January

3, 2020, Plaintiff moved to amend his Complaint again. [Doc. Nos. 51-52]. Plaintiff did not wait for the court's ruling on his previous attempts to re-insert his claims, and District did not give consent for Plaintiff to amend his Complaint.

Based on the above, this Court should deny Plaintiff's requests because to allow him to amend at this late date would be prejudicial to District as all remaining claims have been briefed for summary judgment. To allow amendment at this stage in the case would require a new scheduling order with a new period of discovery and result in further delay. Such delay will prejudice District as witnesses memories will have faded even more and some witnesses will no longer be discoverable or available.

**Proposition II:       Plaintiff's claims are barred by the statute of limitations.**

Plaintiff filed this action on April 9, 2018, alleging that District was liable for violating his equal protection and due process rights as protected by the Fourteenth Amendment to the United States Constitution. [Doc. No. 1, Pgs. 3-4; Doc. No. 1-1, Pgs. 8-12]. Though not specifically mentioned, Plaintiff attempted to assert his claims under 42 U.S.C. § 1983. This court dismissed those claims on February 22, 2019. [Doc. No. 19, Pg. 9].[1] On January 3, 2020, Plaintiff filed Doc. Nos. 51-52, making the exact same claims against District.

Congress has not enacted a statute of limitations expressly applicable to Section 1983 claims; therefore, courts must adopt the most analogous limitations period provided by state

---

[1]The Order did not address the statute of limitations issue but still found Plaintiff's claims insufficient.

law. *See*, 42 U.S.C.A. § 1988 (West 1976); *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980). In Oklahoma, that is the two-year limitation period applicable to actions for causing an injury to the rights of another. *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011).

As pled, Plaintiff was terminated from his substitute teaching position on October 8, 2015 but did not seek leave to re-file his discrimination and due process claims against District until January 3, 2020 – more than four years after his termination. [Doc. No. 52]. Though he filed a charge of discrimination, the claims arising under the Fourteenth Amendment were not subject to exhaustion, and claims which do not require exhaustion with the Equal Employment Opportunity Commission are not tolled by the filing of a charge of discrimination. *See, Castagna v. Luceno*, 744 F.3d 254 (2d Cir. 2014). Therefore, Plaintiff's claims under the Fourteenth Amendment are barred to the extent they arose more than two years prior to the filing of Doc. No. 52 and more than two years prior to the filing of the initial Complaint on April 9, 2018.

**Proposition III:** **Plaintiff's proposed amendments to the Complaint would cause undue delay and undue prejudice to District and would be futile.**

Although Fed. R. Civ. P. 15 provides leave to amend "shall be freely given when justice so requires," it is within the discretion of the District Court to deny a request to amend based on undue delay, the movant's bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222

(1962)). Plaintiff's Doc. No. 51 neither adds an additional party nor pleads a new cause of action nor pleads new facts. [*See* Doc. No. 51]. Rather, Plaintiff merely requests the court add District's Motion for Summary Judgment exhibits to his Complaint. [Doc. Nos. 1, 42, 51]. Plaintiff's Doc. No. 52 purports to once again re-file his previously-dismissed claims for discrimination and due process violations. [Doc. No. 52]. However, Doc. No. 52 does not remedy the inadequacies that led this Court to dismiss his claims for discrimination and due process violations in Doc. No. 19. There, this Court rejected Plaintiff's claims because they: 1) did not allege any relevant conduct by any relevant board of education and, therefore, did not allege his claim was predicated on conduct taken by an official with final policy making authority; 2) did not allege any relevant conduct was representative of an official policy or custom; and 3) did not plausibly show the circumstances or conduct were discriminatory. [Doc. No. 19, pgs. 4-6]. Likewise, Plaintiff's Doc. No. 52 merely restates the allegations of the Complaint without remedying the deficiencies this Court identified in Doc. No. 19.

Plaintiff's proposed amendments would be futile, as they would add nothing to his lawsuit: no new facts; no new causes of action; and no new theories of relief. Further, having to answer an Amended Complaint would cause undue delay, and as discussed in Proposition I above possible undue prejudice because of the significant length of time which has passed since the alleged events occurred. Under Fed. R. Civ. P. 15, this Court has the discretion to deny Plaintiff's motion due to amendment being futile or causing undue delay or prejudice; therefore, this Court should deny any amendment at this late date.

## **CONCLUSION**

District respectfully requests that Plaintiff's Motions to Amend Complaint and Re-file

Previously Dismissed Claims be denied.

> S/Justin C. Cliburn
> Justin C. Cliburn, OBA #32223
> Attorney for Defendant
> The Center for Education Law, P.C.
> 900 N. Broadway, Suite 300
> Oklahoma City, OK 73102
> Telephone: (405) 528-2800
> Facsimile: (405) 528-5800
> E-mail: JCliburn@cfel.com

## **Certificate of Service**

This is to certify that on January 13, 2020, a true and correct copy of the above and foregoing pleading was mailed, postage prepaid, to the following:

Bhagwan D. Gupta
4736 Eastman Drive
Oklahoma City, OK 73122
Telephone: (405) 740-9645
E-Mail: bdgup42@yahoo.com

> S/Justin C. Cliburn
> Justin C. Cliburn