## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BHAGWAN D. GUPTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-00317-PRW |
| | ) | |
| | ) | |
| OKLAHOMA CITY PUBLIC SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are three motions: (1) a Motion for Summary Judgment (Dkt. 42) filed by Defendant, Independent School District No. 89 of Oklahoma County, a/k/a Oklahoma City Public Schools ("District"); (2) a Motion to Amend Complaint ("Motion to Amend") (Dkt. 51) filed by Plaintiff, Bhagwan D. Gupta; and (3) a Motion for Leave to Re-File Previously Dismissed Claims ("Motion for Leave to Re-file") (Dkt. 52) likewise filed by Plaintiff. For the reasons stated below, District's Motion for Summary Judgment is **GRANTED**, and both Plaintiff's Motion to Amend and his Motion for Leave to Re-File are **DENIED**.

### *Background*

Plaintiff was employed by District as a substitute teacher at Northwest Classen High School during the 2015–2016 school year. That year, students reported to District that Plaintiff engaged in racial discrimination, used profanity, displayed inappropriate physical conduct, and otherwise acted in ways that failed to comply with the substitute handbook.

As result, Plaintiff was terminated on October 8, 2015.[1] On March 28, 2016, Plaintiff received a letter from District stating that these complaints rendered Plaintiff ineligible for further assignment that school year. It further noted that "nothing in this letter would prohibit [Plaintiff] from applying as a Substitute for the 2016–[20]17 school year."[2] On April 4, 2016, Plaintiff filed a Charge of Discrimination with the Office of Civil Rights Enforcement ("OCRE"), alleging various forms of discrimination.

At the end of the 2015–2016 school year, District claims that various school principals requested that Plaintiff be excluded from their schools for the following year.[3] Plaintiff ultimately applied for a substitute teaching position with District for the 2016–2017 school year.[4] Plaintiff also attended the substitute training and orientation for the 2016–2017 school year with his wife, another substitute teacher. District alleges it invited Plaintiff's wife to both events but not Plaintiff.[5]

---

[1] Compl. (Dkt. 1) at 2.

[2] Janis Perrault's March 28, 2016 Letter to Pl. (Dkt. 42, Ex. 5) at 1.

[3] Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 3; Pl.'s Resp. in Opp'n to Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 48) at 3.

[4] *See* Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 4; Pl.'s Resp. in Opp'n to Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 48) at 7–8.

[5] *See* Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 4; Carolyn Gray Aff. (Dkt. 42, Ex. 1) ¶ 13, at 2.

Soon after training, Plaintiff logged onto to the portal for substitute teachers and accepted a substitute assignment for August 2, 2016.[6] After working one day, Plaintiff met with District and was purportedly informed that he would not be permitted to substitute teach as a result of his alleged conduct during the 2015–2016 school year.[7] District also provided Plaintiff with a letter, dated July 29, 2016, stating the same.[8] During their meeting, District allegedly clarified that Plaintiff's August 2, 2016 substitute assignment was just a clerical error.[9]

This lawsuit followed. Plaintiff filed this action alleging violations of Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), due process, and equal protection.[10] Plaintiff also asserted a Title VII claim of retaliation.[11] District moved for the dismissal of all claims except for Plaintiff's retaliation claim, and, on February 22, 2019, the Court granted District's motion without prejudice to re-filing.[12]

---

[6] Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 5; Pl.'s Resp. in Opp'n to Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 48) at 8.

[7] Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 4–6; *see* Pl.'s ASEOP Account (Dkt. 1, Ex. 6).

[8] Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 5; Pl.'s Resp. in Opp'n to Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 48) at 8.

[9] Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 5.

[10] Compl. (Dkt. 1) at 3.

[11] *Id.* at 4; Set of Facts (Dkt. 1, Ex. 1 ) at 17–21.

[12] Def. District's Partial Mot. to Dismiss and Br. in Supp (Dkt. 7); Order (Dkt. 19) at 10.

Currently, the only live claim in this matter is Plaintiff's retaliation claim, which alleges that he lost his job as result of unlawful retaliation for filing of a Charge of Discrimination with the OCRE on April 4, 2016. District filed a Motion for Summary Judgment (Dkt. 42), seeking summary judgment in its favor on this remaining claim.

Moreover, Plaintiff purported to amend his pleadings on April 17, 2019 and again on November 4, 2019.[13] Then, on January 3, 2020, Plaintiff filed a Motion to Amend Complaint (Dkt. 51), and Motion for Leave to Re-File Previously Dismissed Claims (Dkt. 52). Notably, Plaintiff did not wait for the Court's ruling on his previous attempts to re-insert his claims, and District did not give consent for Plaintiff to amend his Complaint. Thus, in addition to moving for summary judgment on Plaintiff's retaliation claim, District also asks that this Court deny Plaintiff's requests to amend and to re-refile previously dismissed claims.[14] District contends the proposed amendments are barred on timeliness, futility, failure to cure, and prejudice grounds. Plaintiff disagrees.

For the reasons discussed more fully below, District's motion for summary judgment is granted, and Plaintiff's motions to amend and re-file are denied.

---

[13] Notice Titled "Discrimination Claim" (Dkt. 26);  Notice Titled "Deprivation of Due Process Rights and Deprivation of Right to Equal Protection of Laws Claim, Deprivation by Ms. Janis Perrault Chief Human Resources Office" (Dkt. 27); Notice Titled "Deprivation of Due Process Rights and Deprivation of Right to Equal Protection of Laws Claim, Deprivation by Ms. Carolyn Gray, Director Personnel Relations" (Dkt. 28); Notice Titled "Supplemental Pleadings: Deprivation of Due Process Rights and Right to Equal Protection of Law" (Dkt.  43); Notice Titled "Supplemental Pleadings: Retaliation Claim" (Dkt.  44); Notice Tiled "Plaintiff's Second Set of Discovery to Defendant (Dkt.  45).

[14] Def. District's Resp. in Opp'n to Pl.'s Mot. to Amend and Pl.'s Mot. for Leave to Re-file (Dkt. 54) at 7.

*Standard of Review*

Fed. R. Civ. P. 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the court does not weigh the evidence and determine the truth of the matter asserted, but determines only whether there is a genuine dispute for trial before the fact-finder.[15] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[16] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[17] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[18]

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely in dispute and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by "showing that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine

---

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[17] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[18] *Id.*

dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[19] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts,"[20] or by theorizing a plausible scenario in support of its claims.[21] "Rather, 'the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"[22] If there is a genuine dispute as to some material fact, the district court must consider the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party.[23]

Furthermore, the Supreme Court explains:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the

---

[19] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. 317; *Beard v. Banks*, 548 U.S. 521, 529 (2006).

[20] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995)).

[21] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[22] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52; *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[23] *Scott*, 550 U.S. at 380; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017).

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.[24]

### *Discussion*

### A. **District's Motion for Summary Judgment (Dkt. 42)**

District seeks summary judgment in its favor on Plaintiff's Title VII claim of retaliation for two reasons. First, District argues that Plaintiff has failed to establish his prima facie case. Second, District argues that the undisputed facts demonstrate that it presented a legitimate, non-retaliatory reason for terminating Plaintiff, and that Plaintiff adduces no evidence suggesting District's proffered reason is pretextual. This Court agrees with District in part and finds that Plaintiff does not meet his burden as to pretext. For this reason, District is entitled to summary judgment on Plaintiff's retaliation claim.

Title VII makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[25] Because there is no direct evidence of retaliation, the *McDonnell Douglas* burden-shifting framework applies.[26] Plaintiff must first establish a prima facie

---

[24] *Celotex Corp.*, 477 U.S. at 322–23; *see Braxton v. Nortek Air Sols., LLC*, 769 F. App'x 600, 603 (10th Cir. 2019) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)) ("[I]f the movant will not bear the burden of persuasion at trial, it can meet this initial burden 'simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.' It 'need not negate the nonmovant's claim.'").

[25] 42 U.S.C. § 2000e—3(a).

[26] *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004).

case of retaliation. To do so, Plaintiff must show that (1) he engaged in protected activity under Title VII, (2) Defendant took an adverse employment action against him,[27] and (3) a causal connection exists between the protected activity and the adverse action.[28] Should Plaintiff establish a prima facie case for retaliation, the burden then shifts to District to "articulate a legitimate, nondiscriminatory reason for the adverse employment action."[29] If District articulates a legitimate reason for the action, the burden shifts back to Plaintiff, who must demonstrate that District's asserted reasons are pretextual.[30]

Here, District contends summary judgment should be awarded in its favor on Plaintiff's Title VII claim of retaliation because Plaintiff fails to establish his prima facie case. District concedes that Plaintiff satisfies the first two elements of his retaliation claim but argues that Plaintiff fails to establish the third element, causation. Specifically, it argues that the temporal proximity between Plaintiff's protected activity (i.e. the filing a Charge of Discrimination with the OCRE in April 2016) and the adverse employment action (i.e. deciding not to re-hire Plaintiff in August 2016) are too far apart to establish causation solely on that basis.[31]

---

[27] *See Braxton*, 769 F. App'x at 605–06 (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)) ("For a retaliation claim under Title VII, an adverse employment action is something that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'").

[28] *Stover*, 382 F.3d at 1071.

[29] *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004).

[30] *Id.*

[31] Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 42) at 9–10. A causal connection may be shown by 'evidence of circumstances that justify an inference of retaliatory motive,

Plaintiff disagrees that April 4, 2016 is the relevant date to determine temporal proximity of his engagement in a protected activity to the adverse employment action in August 2016.[32] He argues that the relevant date is actually June 9, 2016 because that's when District purportedly got a letter from the OCRE and thus had knowledge of Plaintiff's charge.

Viewing all facts and inferences in the light most favorable to Plaintiff, the Court uses June 9, 2016, as the date of the protected activity. Thus, approximately two months passed between Plaintiff's engagement in a protected activity and the relevant adverse employment action. Tenth Circuit case law is relatively unclear on whether this temporal proximity alone gives rise to an inference of retaliatory motive.[33] However, the Court need not decide whether the relevant temporal proximity alone establishes causation because Plaintiff is otherwise unable to satisfy his burden as to pretext.

---

such as protected conduct closely followed by adverse action.'" *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) (quoting *Burrus v. United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1982)).

[32] Pl.'s Resp. in Opp'n to Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 48) at 20–23.

[33] *See Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three-month period between engagement in protected activity and adverse employment action does not establish causation alone for FLSA retaliation claim); *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1191 (10th Cir. 2016) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999)) (one and one-half month period between engagement in protected activity and adverse employment action may establish causation for ADA retaliation claim); *Bragg v. Off. of the Dist. Atty., Thirteenth Jud. Dist.*, 704 F. Supp. 2d 1032, 1052–53 (D. Colo. 2009) (declining to grant summary judgment where retaliatory conduct came less than two months after the plaintiff filed her complaint).

Thus, even assuming Plaintiff established a prima facie case for retaliation, the burden shifts to District to offer evidence of a legitimate, nondiscriminatory reason for terminating Plaintiff. And District does just that. District explains that the choice to terminate and subsequently not re-hire Plaintiff was due to poor job performance—a legitimate, nonretaliatory reason.[34] Specifically, District points to policy violations that came to light in the investigation of Plaintiff's alleged conduct during the 2015–2016 school year. District states that Plaintiff "(1) used profanity in the presence of students, (2) made racially inappropriate oral comments, and (3) made inappropriate physical contact with a student."[35] For evidentiary support, District cites "Student Testimony Forms" that articulate instances of alleged misconduct throughout the 2015–2016 school year. District also points to Plaintiff's ASEOP Account as of June 2016 to demonstrate that as result of Plaintiff's behavior, multiple school principals purportedly requested that he be excluded from their schools the following year. In light of these legitimate, non-retaliatory reasons for ending Plaintiff's employment, this Court finds that District's burden is met.

As such, the burden shifts back to Plaintiff but he falls well short of meeting it. Despite making all inferences in Plaintiff's favor, the Court finds that Plaintiff's allegations do not provide any indication of pretext. In order to prevail on his retaliation claim, Plaintiff must not only establish a prima facie claim but also show that there is a genuine dispute of

---

[34] *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1172 (10th Cir. 2006) (stating that poor job performance is a legitimate, nonretaliatory reason for termination).

[35] Janis Perrault's July 29, 2016 Letter to Pl. (Dkt. 42, Ex. 7) at 1.

material fact as to whether the Defendant's proffered reasons for terminating him are "pretextual—i.e. unworthy of belief."[36] The pretext inquiry "is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs."[37] "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence."[38]

Here, Plaintiff attempts only to demonstrate that District's given reasons for not re-hiring him are pretextual by relying again on temporal proximity. Plaintiff once again reiterates the closeness in time between filing his charge with OCRE and District's decision not to re-hire him, and asserts that such a temporal gap is probative of retaliatory motive.[39]

The Court agrees that events that are close in time may be sufficient to satisfy the causation element of Plaintiff's prima facie case.[40] But the Tenth Circuit has repeatedly held that temporal proximity alone is not sufficient to defeat summary judgment by

---

[36] *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997).

[37] *Rivera v. City & Cty. of Denver*, 365 F.3d 912, 924–25 (10th Cir. 2004).

[38] *Morgan*, 108 F.3d at 1323 (citations omitted).

[39] Pl.'s Resp. in Opp'n to Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 48) at 20–24.

[40] *See Trujillo v. PacifiCorp,* 524 F.3d 1149, 1157 (10th Cir.2008).

showing that the employer's proffered reason is actually pretext for retaliation.[41]  Rather, to show pretext [Plaintiff] "must . . . present evidence of temporal proximity plus circumstantial evidence of retaliatory motive."[42]

Plaintiff, however, presents nothing additional that would cause a reasonable finder of fact to determine that District's reasons for not re-hiring Plaintiff are unworthy of belief. For instance, Plaintiff disputes many of District's allegations as "inadmissible evidence," "hearsay," and/or lacking "personal knowledge." These objections are improper at this juncture and in no way create a genuine issue as to the sincerity of the proffered reasons for not re-hiring him.

Plaintiff also makes conclusory assertions regarding District's alleged failure to follow policy prior to terminating and not re-hiring him. Plaintiff speculates that the student complaints lodged at him were never investigated but has wholly failed to adduce any evidence supporting this position. In fact, he acknowledges that District confirmed an investigation took place and that he has no record of the contrary.[43] Plaintiff instead assumes the complaints are baseless and therefore concludes that procedures must have been violated. At best, when all inferences are viewed in his favor, Plaintiff merely

---

[41] *See Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1066 (10th Cir. 2009); *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1240 (10th Cir. 2004); *Pastran v. K–Mart Corp.*, 210 F.3d 1201, 1206 (10th Cir. 2000).

[42] *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1290–91 (10th Cir.2007) (quoting *Metzler*, 464 F.3d at 1172).

[43] Pl.'s Resp. in Opp'n to Def. District's Mot. for Summ. J. and Br. in Supp. (Dkt. 48) at 27–28; Pl.'s Mot. for Leave to Re-file (Dkt. 52) at 3–4.

theorizes a plausible scenario of pretext. This not enough to create a genuine issue of material fact precluding summary judgment.

Plaintiff further contends that District changed rather than follow certain internal procedures when handling the student complaints concerning Plaintiff. And while this may or may not be true, Plaintiff, again, provides no factual support whatsoever for his assertion. Moreover, he leaves the Court with no explanation of the alleged changes made or of how an inference of pretext can be drawn from any of this.[44] Plaintiff simply states that changes to certain policies were "done to prejudice [the] investigation" and "require[] a deeper look at [District's] motives."[45] Without more, these vague suspicions about District's motives amount to a gut feeling, which does not support an inference of pretext.

Having set forth no specific evidence of pretext beyond temporal proximity, Plaintiff failed to carry his burden.[46] No genuine issue of material fact remains as to

---

[44] This bare allegation, without more, does nothing to bolster Plaintiff's pretext argument. Indeed, the extent to which an employer follows or fails to follow its own internal procedures "does not necessarily suggest that the substantive reasons given by the employer for its employment decision were pretextual." *Randle v. City of Aurora,* 69 F.3d 441, 454 (10th Cir. 1995); *see also Johnson,* 594 F.3d at 1213 ("[I]t remains the law that not every failure to follow every directive in an employer's policy manual gives rise to an inference of pretext."); *Berry v. T–Mobile USA, Inc.,* 490 F.3d 1211, 1222 (10th Cir. 2007) ("[E]ven if T–Mobile fell short of Berry's expectation of progressive discipline, this fact adds little to the pretext analysis. The mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the substantive reasons given by the employer for its employment decision were pretextual.").

[45] Pl.'s Mot. for Leave to Re-file (Dkt. 52) at 6.

[46] *See Bones v. Honeywell International, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment

Plaintiff's retaliation claim, so District's Motion for Summary Judgment (Dkt. 42) is **GRANTED**.

### B. Plaintiff's Motion to Amend Complaint (Dkt. 51) & Plaintiff's Motion for Leave to Re-File Previously Dismissed Claims (Dkt. 52)

Next, the Court addresses Plaintiff's (1) Motion to Amend Complaint (Dkt. 51), and (2) Motion for Leave to Re-File Previously Dismissed Claims (Dkt. 52). In his Motion to Amend (Dkt. 51), Plaintiff has requested permission to add District's "final list of exhibits in Plaintiff's complaint so that he can deal with these exhibits while presenting his case in the court."[47] In his Motion for Leave to Re-File (Dkt. 52), Plaintiff seeks leave to re-file his discrimination and due process claims against District. For the reasons outlined below, both motions are denied.

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading with the opposing party's written consent or with leave of court. Although the rule affords the Court broad discretion in allowing an amendment to the complaint "when justice so requires,"[48] justice does not require the allowance of an amendment when, as here, the proposed amendment would be futile and the movant has failed to cure deficiencies by amendments previously

---

proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.") (citations omitted).

[47] Pl.'s Reply (Dkt. 55) at 2.

[48] Fed. R. Civ. P. 15(a)(2).

allowed. Refusing leave to amend may likewise be justified upon a showing of bad faith, undue delay, or undue prejudice to the opposing party.[49]

Here, Plaintiff's Motion to Amend (Dkt. 51)—which merely seeks to add District's final exhibit list to the original Complaint—is not necessary. Plaintiff makes this request so that "he can deal with these exhibits while presenting his case in the court."[50]  But he need not move to amend the Complaint in order to do so. The Parties may ordinarily move to admit such exhibits into evidence during trial at the appropriate time. The Court accordingly finds there is no good cause to allow the proposed amendments in Plaintiff's Motion to Amend (Dkt. 51).  Moreover, to otherwise permit Plaintiff to attach additional evidence in piecemeal—as he has continually and improperly sought to do in this case— would also likely result in needless confusion and delay. Accordingly, Plaintiff's Motion to Amend (Dkt. 51) is **DENIED**.

The Court likewise finds that Plaintiff's Motion for Leave to Re-File (Dkt. 52) should be denied. In this motion, Plaintiff asks for leave to re-file his discrimination and due process claims against District but does not remedy the deficiencies previously identified by the Court. In its Order granting District's Partial Motion to Dismiss (Dkt. 19), the Court rejected nearly identical discrimination and due process claims for a variety of reasons. First, Plaintiff did not allege any relevant conduct by any relevant board of

---

[49] *Frank v. U.S. W.*, *Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[50] Pl.'s Reply (Dkt. 55) at 2.

education and, therefore, did not allege his claim was predicated on conduct taken by an official with final policy making authority.[51] Second, Plaintiff did not allege any relevant conduct was representative of an official policy or custom,[52] and third, he did not plausibly show the circumstances or conduct were discriminatory.[53]

Now, Plaintiff seeks to re-assert these same claims by restating the allegations of the Complaint without curing the issues above. At most, Plaintiff's proposed amendments adds couple of conclusory remarks about discriminatory motive based on District's alleged violations of its own internal policies leading up to Plaintiff's termination. Plaintiff made similar remarks in its Complaint, which did not suffice last time at the motion to dismiss stage and similarly do not suffice here.[54] In this motion, Plaintiff further failed to comply with the standard pleading requirements previously directed by the Court. Indeed, his proposed amendments still do not identify relevant conduct by any relevant board of education. Nor does Plaintiff allege any preferential treatment by District to any *similarly situated* teacher. [55]  Other than that, Plaintiff's proposed amendments add excerpts of case law which adds nothing to the analysis here.

---

[51] Order (Dkt. 19) at 4–5.

[52] *Id.* at 5.

[53] *Id.* at 8–9.

[54] *Id.* at 4–5.

[55] Plaintiff has, again, failed to show that he and any of his colleagues are similarly situated employees—i.e. employees that deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of comparable seriousness. *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 801 (10th Cir. 2007); *Juarez v. Utah*, 263 F. App'x 726, 738 (10th Cir. 2008). He does not even identify another

In short, nothing has materially changed since the Court dismissed Plaintiff's due process and discrimination claims. Because Plaintiff has failed to cure the deficiencies in his claims, the Court declines leave to re-file them in their current form. Plaintiff's Motion for Leave to Re-File (Dkt. 52) is accordingly **DENIED**.

### Conclusion

Accordingly, for the foregoing reasons, District's Motion for Summary Judgment (Dkt. 42) is **GRANTED**, and both Plaintiff's Motion to Amend Complaint (Dkt. 51) and his Motion for Leave to Re-File Previously Dismissed Claims (Dkt. 52) are **DENIED**.

**IT IS SO ORDERED** this 21st day of September 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

employee let alone allege any facts to make such a comparison. And it is a plaintiff wishing to show pretext with evidence that his employer treated him differently from other workers who bears the burden of showing that the employees were similarly situated. *See Watts v. City of Norman*, 270 F.3d 1288, 1293 (10th Cir. 2001); *see also Salguero v. City of Clovis*, 366 F.3d 1168, 1177 (10th Cir. 2004) (affirming district court's decision granting summary judgment and holding that allegations of disparate discipline were insufficient to show pretext because courts "afford substantial latitude to employers in making discipline related decisions," and there were "significant differences in conduct" among employees).